UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

DR. HAUSCHKA SKIN CARE, INC.,    :   Civil Action No.: _____
                                 :
                    Plaintiff,   :
                                 :
v.                               :
                                 :
JANUS TRADE GROUP, LLC, MISSION  :
MEDICAL SUPPLIES, LLC, BLAZE TRADE : **COMPLAINT**
GROUP, DAVID CHERA, JOHN DOE #1, :
JOHN DOE #2, AND JOHN DOE #3,    :
                                 :
                    Defendants.  :
                                 :
---------------------------------------------------------------x

Dr. Hauschka Skin Care, Inc. ("Hauschka" or "Plaintiff"), for its complaint against defendants Janus Trade Group, LLC ("Janus"), Mission Medical Supplies, LLC ("Mission Medical"), Blaze Trading Group ("Blaze Trading"), David Chera ("Chera"), John Doe #1, John Doe #2, and John Doe #3 (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for damages and injunctive relief for false designation of origin and trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051 et seq.

2. Hauschka is the exclusive United States distributor of a high quality skin care and cosmetic line of products sold under the DR. HAUSCHKA brand, which is manufactured in Bad Boll, Germany by WALA Heilmittel GmbH, Hauschka's de facto parent company. In addition to being the sole authorized distributor of DR. HAUSCHKA-branded products in the United States, Hauschka has an exclusive license from WALA Heilmittel GmbH to use the DR. HAUSCHKA trademark and all other trademarks associated with the DR. HAUSCHKA line of products in the United States, which license grants Hauschka the rights to police and enforce the DR HAUSCHKA trademarks.

3. Hauschka is a renowned skin care company that markets and sells high end skin care and cosmetic products under the DR. HAUSCHKA brand throughout the United States and the Americas. DR. HAUSCHKA-branded products are substantially comprised of biodynamically grown ingredients. DR. HAUSCHKA-branded products are also sold internationally and are typically sold in boutique stores, spas, upscale salons, and pharmacies.

4. DR. HAUSCHKA-branded products that are manufactured for sale and use in the United States are made to precise specifications and must meet certain quality standards specifically applicable to the United States. Hauschka has developed a number of programs for its authorized retailers to provide ultimate consumers with product support, marketing and use materials, along with the highest quality customer service.

5. DR. HAUSCHKA-branded products sold outside the United States differ from those sold domestically by virtue of numerous physical and non-physical material differences including, but not limited to, differences in packaging, instruction and warning labels, weight, and warranty protection.

6. Defendants are importing DR. HAUSCHKA-branded products that were not meant for sale in the United States and marketing and selling them to Hauschka's authorized retail partners in the U.S. Defendants are representing the products to be "genuine" DR. HAUSCHKA-branded products when in fact they are not. Rather, the products being sold by Defendants contain numerous physical and non-physical material differences from genuine DR HAUSCHKA-branded products intended for sale in the U.S. and constitute illegal gray-market goods.

2

{N0099741 }

## PARTIES

7. Plaintiff, Hauschka, is a Massachusetts corporation with its principal place of business located in South Deerfield, Massachusetts. DR HAUSCHKA-branded products are sold internationally and domestically in all fifty states, including within this Judicial District.

8. Janus Trade Group is a New Jersey limited liability company with offices at 125 51st Street, Brooklyn, NY 11232 and 556 Industrial Way West, Eatontown, NJ 07724. Janus is engaged in the importation, promotion and sale of "gray-market" products which constitute false designation of origin with respect to Plaintiff's genuine products and infringe upon Plaintiff's trademark rights.

9. Mission Medical Supplies LLC is a New Jersey limited liability company with offices at 556 Industrial Way West, Eatontown, NJ 07724 and at 2634 Ocean Avenue, 5th Floor, Brooklyn, NY 11229. Mission Medical is engaged in the importation, promotion and sale of those products which constitute false designation of origin with respect to Plaintiff's genuine products and infringe upon Plaintiff's trademarks.

10. Blaze Trade Group is a New York limited liability company with its principal place of business in Brooklyn, New York. Blaze Trading is engaged in the importation, promotion and sale of those products which constitute false designation of origin with respect to Plaintiff's genuine products and infringe upon Plaintiff's trademarks.

11. David Chera is an individual who resides in Brooklyn, New York and is the conscious, dominant and active force behind the wrongful acts of Blaze Trade Group, Janus Trade Group, LLC and Mission Medical Supplies LLC, which wrongful acts he engaged in for the benefit of the Blaze Trade Group, Janus Trade Group, LLC and Mission Medical Supplies LLC and for his own individual benefit. David Chera, individually and through the entities

which he controls, is engaged in the importation, promotion, and sale of gray-market products which constitute false designation of origin and unfair competition with respect to Plaintiff's genuine products.

12. John Doe #1 is the conscious, dominant, and active force behind the wrongful acts of Janus Trade Group LLC. John Doe #1 is engaged in these wrongful acts for the benefit of Janus and for his or her own individual gain and benefit.

13. John Doe #2 is the conscious, dominant, and active force behind the wrongful acts of Blaze Trade Group. John Doe #2 is engaged in these wrongful acts for the benefit of Blaze Trade Group and for his or her own individual gain and benefit.

14. John Doe #3 is the conscious, dominant, and active force behind the wrongful acts of Mission Medical. John Doe #3 is engaged in these wrongful acts for the benefit of Mission Medical and for his or her own individual gain and benefit.

## JURISDICTION AND VENUE

15. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, events, and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Hauschka and the DR HAUSCHKA-Branded Line of Skin Care Products

17. DR. HAUSCHKA-branded products are known worldwide as being high quality skin care and cosmetic products substantially comprised of biodynamically-grown ingredients. DR. HAUSCHKA-branded products are typically sold in boutique stores, upscale salons and pharmacies worldwide.

4

{N0099741 }

18. DR. HAUSCHKA-branded products are named after Dr. Rudolph Hauschka, an Austrian born chemist. Over eighty years ago, Dr. Rudolph Hauschka began to develop medicines, health, and hygiene products in Germany. These products were so successful that Dr. Rudolph Hauschka was able to open the WALA Heilmittel laboratory in Germany.

19. Dr. Rudolph Hauschka eventually met a pioneering esthetician, Elisabeth Sigmund, who traveled to Germany to work with Dr. Rudolph Hauschka at the WALA Heilmittel laboratory and together they developed a holistic and anthroposophical approach to skin care. As a result of that collaboration, in 1967, the DR. HAUSCHKA brand of skin care products was launched and it continues to enjoy success today.

20. Dr. Rudolph Hauschka's DR. HAUSCHKA-branded products are still developed at the WALA Heilmittel laboratory and continue to be respected throughout the world as some of the most pure, wholesome and effective skin care and cosmetic products available on the market.

21. In addition to being the exclusive U.S. distributor of the DR HAUSCHKA-branded products, Hauschka has an exclusive license from WALA Heilmittel GmbH to use and enforce the DR. HAUSCHKA family of trademarks in the United States, the Registrations of which are annexed hereto (collectively, the "Hauschka Marks").

### Genuine DR. HAUSCHKA-branded products

22. Genuine DR. HAUSCHKA-branded products earmarked for sale and use in the United States are specifically designed and manufactured in accordance with, and to meet applicable United States standards and regulations. If any product does not meet quality and manufacturing requirements or standards, that product is rejected for use.

23. Genuine DR. HAUSCHKA-branded products manufactured for use and sale in the United States have material differences from those manufactured for use and sale outside the United States.

24. One distinction between domestic and foreign DR. HAUSCHKA-branded products is that the materials included in the packaging of the domestic DR. HAUSCHKA-branded products are written in Americanized English as well as Spanish. The weight of a domestic Dr. Hauschka Product is provided in ounces and milliliters while the weight of a foreign Dr. Hauschka product is only measured in milliliters.

25. In the United States, the only authorized distributor of DR. HAUSCHKA-branded products line is Plaintiff. There are a number of business reasons for this exclusive distribution channel. One reason is to ensure that a retail partner ordering a product does not order more than they will be able to sell prior to the expiration date on the product. This protects the retail partner from having to deeply discount a product when it is close to the expiration date as well as to ensure that a retail store does not have inventory remaining past the expiration date.

26. Additionally, the single distributor model allows Hauschka to provide the highest level of customer service. If a customer has a question about the use of a product, Hauschka's knowledgeable staff and traveling sales representatives are available to answer any questions a retailer or an end user customer may have.

27. As a consequence of this single distribution model, only products purchased by a retail store through Plaintiff are eligible for the warranty in the United States provided by Hauchka. Under the Hauschka warranty, if an end user purchases a product and is unsatisfied with it for any reason, the customer will receive either a replacement product or a refund from Hauschka. Also, should there be an unlikely event where an injury somehow occurs as a result

6

{N0099741 }

of using a DR HAUSCHKA-branded product, Hauschka's insurance carrier will only provide coverage for genuine DR. HAUSCHKA-branded products sold by Plaintiff in the United States.

28. The single distribution model also ensures consistent pricing of the product which is commensurate with the high quality product associated with the brand and the goodwill it enjoys in the mind of the consuming public.

29. Only those DR. HAUSCHKA-branded products manufactured in accordance with the specifications for sale in the United States described above are authorized to be sold in the United States.

**Defendants' Unlawful Acts**

30. Without Plaintiff's consent, Defendants have, and continue to actively and knowingly import, distribute, promote and sell in the United States skin care and cosmetic products which are materially different than genuine DR. HAUSCHKA-branded products manufactured for sale and use in the United States.

31. Plaintiff learned of Defendants' wrongful behavior because Defendants have systematically contacted Hauschka's authorized retailers, which are listed on the company's website and advised them that they are able to supply the retailer with "genuine DR. HAUSCHKA-branded products" at a fraction of the price they pay to Hauschka.

32. Defendants are importing these non-genuine products into the United States through channels other than Plaintiff.

33. Plaintiff, through a retail partner who was contacted by Defendants, purchased from Defendants the following seven products which were represented to be genuine DR. HAUSCHKA-branded products when in fact they are not:

    a. Dr. Hauschka Revitalizing Day Cream 100ml for a price of $29.75 each;

  b. Dr. Hauschka Cleansing Cream 50ml for a price of $11.00 each;

  c. Dr. Hauschka Facial Toner 100ml for a price of $18.00 each;

  d. Dr. Hauschka Daily Hydrating Cream 12.5ml for a price of $22.50 each;

  e. Dr. Hauschka Eye Balm 10ml for a price of $20.00 each;

  f. Dr. Hauschka Rose Day Cream Light 30ml for a price of $18.50 each; and

  g. Dr. Hauschka Rose Day Cream 30ml for a price of $18.50 each.

(collectively the "Unauthorized Products").

  34. Plaintiff analyzed and compared the Unauthorized Products to the corresponding Dr. Hauschka Product manufactured for sale and use in the United States. Through this analysis and comparison, Hauschka determined that the Unauthorized Products are not in fact non-genuine and contain the following specific material differences:

  i. The packaging materials for the Unauthorized Products are written in British English and German whereas genuine DR. HAUSCHKA-branded products for sale in the United States have their packaging materials written in Americanized English and Spanish;

  ii. The weight on the packaging for the genuine DR. HAUSCHKA-branded products for sale in the United States is written in both ounces and milliliters whereas the weight on the packaging of the Unauthorized Products is written only in milliliters.

  iii. Purchasers of the Unauthorized Products are not afforded the high level of customer service provided by Hauschka to ensure that when an end user has a question about the use of a product; Hauschka's knowledgeable staff is available to answer any questions an end user customer may need answered.

{N0099741 }

iv.   Purchasers of the Unauthorized Products are not eligible for the Hauschka warranty whereby, if an end user customer purchases a product and is unsatisfied with it for any reason, the customer will receive either a replacement product or a refund from Hauschka.

v.   There are no purchase quantity restrictions for the Unauthorized Products whereas the genuine DR. HAUSCHKA-branded products for sale in the United States are strictly controlled by Hauschka in order to ensure that a retail partner ordering a product does not order more than they will be able to sell prior to the expiration date on the product. This ensures that the retail partner does not have to deeply discount a product when it is close to the expiration date as well as to ensure that a retail store does not have inventory remaining past the expiration date.

vi.   Should there be an unlikely event where an injury somehow occurs to an individual using a Dr. Hauschka Product, Hauschka's insurance carrier will only provide insurance coverage for genuine DR. HAUSCHKA-branded products which originated in the United States through Plaintiff, and not for the Unauthorized Products.

vii.   The wholesale price of the Unauthorized Products is deeply discounted when compared to the wholesale pricing of the genuine DR. HAUSCHKA-branded products.

viii.   The packaging materials for the Unauthorized Products are not in compliance with the requirements set forth by the United States Food and Drug Administration because the Unauthorized Products make numerous claims regarding the products ability to make physiological changes which have not been verified and approved by the United States Food and Drug Administration.

9

{N0099741 }

35. Plaintiff has never imported, promoted, distributed or sold the Unauthorized Products in the United States, and has never authorized the importation, promotion, distribution or sale of the Unauthorized Products for sale or use in the United States.

36. The Unauthorized Products are not covered under Hauschka's warranty and have numerous material physical differences compared to the genuine DR. HAUSCHKA-branded products which are meant for sale and use in the United States. As a result, Plaintiff cannot guaranty the quality and safety of the Unauthorized Products, and thus, they constitute unlawful "gray-market" goods.

37. By selling the Unauthorized Products in the United States without Plaintiff's consent, Defendants have taken away Plaintiff's ability to control the quality of their products. Defendants have also misrepresented to retailers and consumers the origin and quality of the product.

38. Plaintiff also has reason to believe that some of the Unauthorized Products may be counterfeit. The determination of whether these products are counterfeit depends on the source from which Defendants purchased those specific products. Only through the course of discovery can Hauschka determine if certain products are counterfeit (as opposed to illegal "gray-market" products) and if such a determination is made, Hauschka will seek leave of court to amend its Complaint to further allege the sale of counterfeit products by Defendants.

39. The acts of Defendants alleged herein were knowing, intentional, willful, and extraordinary.

40. All conditions precedent to bringing this suit have either occurred or been waived.

41. Plaintiff has retained the undersigned law firm to prosecute the instant lawsuit and has agreed to pay reasonable attorneys' fees and costs for which Defendants should be responsible pursuant to controlling law.

## COUNT ONE
### False Designation of Origin (15 U.S.C. § 1125(a))

42. Plaintiff re-alleges paragraphs 1 through 41 as if fully alleged herein.

43. As described herein, Defendants, in connection with the Unauthorized Products, have falsely described and made false representations that the Unauthorized Products are genuine DR. HAUSCHKA-branded products when they are not. This has caused, or is likely to cause confusion in the marketplace, deceived the public as to the Unauthorized Product's affiliation with the genuine DR. HAUSCHKA-branded products, Defendants have misrepresented the nature of the Unauthorized Products in advertising and promotion, and misrepresented the nature, characteristics, and qualities of the Unauthorized Products.

44. Plaintiff has suffered, and is continuing to suffer irreparable harm and damage as a result of Defendants' activities alleged herein including a lessening of the goodwill residing in the DR. HAUSCHKA-branded products.

45. Plaintiff does not have an adequate remedy at law to compensate it for the injuries suffered and threatened as a result of Defendants' conduct.

46. In addition to the equitable relief sought, Plaintiff is entitled to damages in connection with Defendants' actions.

## COUNT TWO
### Trademark Infringement

47. Plaintiff re-alleges paragraphs 1 through 41 as if fully alleged herein.

11

{N0099741 }

48. Defendants' importation, promotion, distribution, use and threatened continued use in commerce of the Unauthorized Products which bear trademarks that are identical or nearly identical to the federally registered Hauschka Marks constitutes a wrongful use of an unauthorized reproduction, counterfeit, copy, or colorable imitation of one or more of the registered Hauschka Marks.

49. Defendants' importation, promotion and distribution of the Unauthorized Products has caused and is likely to continue to cause confusion, mistake and deception.

50. Defendants' willful acts are intended to misappropriate the benefit of Plaintiff's reputation and goodwill that it has created with the Hauschka Marks, and constitutes infringement of the federally registered trademarks for which Hauschka is the exclusive use licensee in the United States in violation of the Lanham Act.

51. As a direct and proximate result of Defendants' illegal and willful activities, Plaintiff has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

52. Defendants' conduct has caused and will continue to cause immediate and irreparable injury to Plaintiff including to its business, reputation, and goodwill. This will continue to damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

53. Defendants' infringement of the Hauschka Marks is deliberate, willful, fraudulent, without any extenuating circumstances, constitutes a knowing use of the Hauschka Marks, and is an exceptional case within the meaning of the Lanham Act.

54. Plaintiff is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Hauschka respectfully requests that this Court:

A. Enter a permanent injunction prohibiting Defendants and their officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, any Unauthorized Products as that term is defined herein.

B. Enter an Order for disgorgement of Defendants' profits from the false designation pursuant to 15 U.S.C. § 1117(a)(1);

C. Award damages suffered by Plaintiff pursuant to 15 U.S.C. § 1117(a)(2);

D. Award the costs of the action pursuant to 15 U.S.C. § 1117(a)(3);

E. Enter an Order that this is an exceptional case and award Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

F. Enter an Order for treble damages pursuant to 15 U.S.C. § 1117(a) due to Defendants' deliberate, willful, and fraudulent use of the Hauschka Marks; and

G. Award Plaintiff such other relief as this Court may deem just and proper.

Dated: January 19, 2016         **BECKER & POLIAKOFF, LLP**

By: */Vincenzo M. Mogavero/*
   Vincenzo M. Mogavero
   45 Broadway, 8th Floor
   New York, New York 10006
   Telephone: 212.599.3322
   Facsimile: 212.557.0295
   vmogavero@bplegal.com

{N0099741 }

and

**BECKER & POLIAKOFF, P.A.**
Kevin Markow, Esq.
Florida Bar No. 66982
*Pro Hac Vice* to be filed
KMarkow@bplegal.com
Evan B. Berger, Esq.
Florida Bar No. 71479
*Pro Hac Vice* to be filed
Eberger@bplegal.com
1 East Broward Boulevard
Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 987-7550
Facsimile: (954) 985-4176

*Attorneys for Plaintiff*
Dr. Hauschka Skin Care, Inc.

14

{N0099741 }